### AFFIDAVIT OF SPECIAL AGENT JUSTIN MCCAULEY IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

I, Justin McCauley, having been sworn, state:

*INTRODUCTION AND AGENT BACKGROUND*

1.  I am a Special Agent employed by the Diplomatic Security Service ("DSS") of the United States Department of State. I have been employed as a Special Agent with DSS for approximately two years. I am authorized to make arrests for violations of federal law.

2.  This affidavit is being submitted in support of an application for a warrant, under 18 U.S.C. § 2703(a) and Rule 41 of the Federal Rules of Criminal Procedure, to search and seize the Facebook account identified by the URL www.facebook.com/yris.sanchez and other data associated with this account ("the SANCHEZ Facebook Account"), as described in Attachment A. There is probable cause to believe that the SANCHEZ Facebook Account contains evidence of violations of 18 U.S.C. §§ 401(3) and 3146(a)(2) (the "TARGET OFFENSES") as described in Attachment B.

3.  The SANCHEZ Facebook Account and relevant data is maintained by Meta Platforms, Inc., *d/b/a* Facebook ("Facebook"), which maintains premises at 1601 Willow Road, Menlo Park, CA 94025 and accepts service of process via its law enforcement portal at www.facebook.com/records.

4.  The facts in this affidavit come from my review of records and my training and experience. This affidavit includes only those facts I believe are necessary to establish probable cause and does not include all of the facts uncovered during the investigation.

5.  This affidavit also relies on and incorporates by reference those facts set forth in Exhibit 1 (Affidavit signed October 18, 2019), Exhibit 2 (Order of U.S. District Court dated May 20, 2021, Case 1:20-cr-10064-DPW), and Exhibit 3 (Order of U.S. District Court dated July 8, 2021,

Case 1:20-cr-10064-DPW).

## BACKGROUND AND PROBABLE CAUSE

6. In summary: SANCHEZ was arrested in January 2020 and, following an evidentiary hearing, was deemed to be a risk of flight and detained. SANCHEZ pleaded guilty in May 2020 of violating 18 U.S.C. § 1544, and was sentenced to 15 months of imprisonment. At that time, due to health concerns relating to the COVID-19 pandemic, the Court released SANCHEZ on a $2,500 appearance bond and on certain conditions of release (*see* Exhibit 2). The Court subsequently delayed SANCHEZ's self-report date several times, ultimately ordering that she self-report on June 1, 2021. As detailed below, it appears that SANCHEZ fled the United States in an apparent effort to avoid serving her sentence. SANCHEZ failed to self-report, and the Court forfeited her appearance bond (*see* Exhibit 3).

7. I am aware that Yris Sanchez ("SANCHEZ") has been indicted by a Grand Jury of the U.S. District Court for the District of Massachusetts for failing to surrender for service of a sentence. See Case 1:22-cr-10093-MLW.

8. As reflected in Exhibit 1, and as described more in detail below, there is reason to believe that SANCHEZ is the user of the SANCHEZ Facebook Account.

9. As reflected in Exhibit 2, the U.S. District Court for the District of Massachusetts released SANCHEZ on conditions including that she "must surrender as directed to serve a sentence that the court may impose," that her travel "is restricted to Boston, MA (City Limits)," and that she was restricted to her residence from 7pm – 9am pursuant to a curfew.

10. As reflected in Exhibit 3, the U.S. District Court for the District of Massachusetts has found that SANCHEZ violated her conditions of release and conditions of her Appearance Bond.

11. On September 2, 2021, the U.S. District Court for the District of Massachusetts (Hon. M.

Page Kelley) signed an order pursuant to 18 U.S.C. § 2703(d) directing Facebook to provide records relating to the SANCHEZ Facebook Account, and Facebook subsequently produced non-content records. Those records reflect the name provided by the account holder as "Yris Sanchez," and reflect account activity up to and including August 2021. The records reflect certain IP addresses used to upload photos or for other activity in and around July or August 2021 (among other timeframes). Per the online lookup tool domaintools.com, numerous IP addresses listed in the records for the SANCHEZ Facebook Account appear to be associated with a telephone company in the Dominican Republic. For example:

    a. Facebook records reflect an IP address associated with the SANCHEZ Facebook Account on August 31, 2021 of 190.80.246.157. Domaintools.com indicates that this IP address is currently allocated to Compania Dominicana de Telefonos S.A., with an address in Santo Domingo.

    b. Facebook records reflect an IP address associated with the SANCHEZ Facebook Account on July 20, 2021 of 179.52.134.170. Domaintools.com indicates that this IP address is currently allocated to Compania Dominicana de Telefonos S.A., with an address in Santo Domingo.

Based on my training and experience, I believe this indicates that the SANCHEZ Facebook Account was accessed outside of the continental United States.

12. In May 2023, I reviewed portions of the SANCHEZ Facebook Account that are available via Facebook.com. I observed numerous photographs that appear to depict SANCHEZ.

13. In addition, I observed various posts to the SANCHEZ Facebook Account that indicate that SANCHEZ left the United States sometime in or around 2021, including the following:

    a. November 2021 post: images of SANCHEZ with what appears to be family and/friends with the caption: ""Raising the pride Banilejo!!" (translated from Spanish; "Banilejo" can be defined as an inhabitant of the city of Bani which is in the Dominican Republic).

    b. June 2022 post: images of SANCHEZ with friends in what appears to be the Dominican Republic, with the caption: "Bani Mango Fair 2022 with Bony Cepeda!! Our Mayor and our Muchachito!!" (translated from Spanish).

    c.  July 2022 post: images of SANCHEZ on the beach in what appears to be Dominican Republic, with the caption: "The DR terrena!" (translated from Spanish)

14. SANCHEZ was arrested in Laredo, Texas on March 20, 2023.

15. On April 25, 2023, a request was submitted under 18 U.S.C. § 2703(f) via the Facebook law enforcement portal that the company preserve all records associated with the SANCHEZ Facebook Account.

16. Based on the foregoing facts, and my training and experience, I believe that Facebook possesses records associated with the SANCHEZ Facebook Account that constitute evidence of SANCHEZ's violation of the conditions of her release and her failure to surrender to serve her sentence, including but not limited to evidence of her state of mind and willfulness. In addition, I believe that these records will be probative to the issue of whether or not uncontrollable circumstances prevented SANCHEZ from appearing or surrendering, and whether or not SANCHEZ contributed to the creation of any such circumstances in reckless disregard of the requirement to appear or surrender.

17. The United States is not seeking that this warrant be sealed and is not seeking a non-disclosure order pursuant to 18 U.S.C. § 2705(b).

## FOURTEEN-DAY RULE FOR EXECUTION OF THE WARRANT

18. Federal Rule of Criminal Procedure 41(e)(2)(A),(B) directs the United States to execute a search warrant for electronic evidence within 14 days of the warrant's issuance. If the Court issues this warrant, the United States will execute it not by entering the premises of Facebook, as with a conventional warrant, but rather by serving a copy of the warrant on the companies and awaiting their production of the requested data. This practice is approved in 18 U.S.C. § 2703(g), and it is generally a prudent one because it minimizes the government's intrusion onto Internet companies' physical premises and the resulting disruption of their business practices.

19.     Based on the training and experience of myself and other law enforcement, I understand that e-mail and social media providers sometimes produce data in response to a search warrant outside the 14-day (formerly 10-day) period set forth in Rule 41 for execution of a warrant. I also understand that electronic communication companies sometimes produce data that was created or received after this 14-day deadline ("late-created data"). The United States does not ask for this extra data or participate in its production.

20.     Should Facebook produce late-created data in response to this warrant, law enforcement personnel will seek to avoid reviewing any late-created data that was created by or received by the account holder(s) absent a follow-up warrant. However, I request permission to view all late-created data that was created by Facebook, including subscriber, IP address, logging, and other transactional data, without a further order of the Court. This information could also be obtained by grand jury subpoena or an order under 18 U.S.C. § 2703(d), neither of which contains a 14-day time limit.

21.     For these reasons, I request that the Court approve the procedures in Attachment B, which set forth these limitations.

## CONCLUSION

22. Based on the information described above, I have probable cause to believe that Yris SANCHEZ has committed the Target Offenses, and that the SANCHEZ Facebook Account (as described in Attachment A) contains fruits, evidence, and instrumentalities of these crimes (as described in Attachment B).

Sworn to by telephone in accordance with Fed. R. Crim. P. 4.1

Special Agent Justin McCauley
Diplomatic Security Service

Subscribed and sworn by telephone in accordance with Fed. R. Crim. P. 4.1.

Dated: July 6, 2023

Honorable Jennifer C. Boal
United Sates Magistrate Judge